**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARA L. RAWSON, | No.   17-35054 |
| Plaintiff-Appellant, | No. C16-5135-JPD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted May 10, 2018[**]

Before:      FARRIS, CANBY, and LEAVY, Circuit Judges.

Sara L. Rawson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Titles II and XVI of the Social Security Act.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

1. Opinion evidence

Rawson contends the administrative law judge (ALJ) erred by discounting examining psychologist Dr. Wingate's August 2010 opinion. However, Rawson does not point to any specific errors. Appraising medical evidence is within the ALJ's purview, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008), and when evidence is "susceptible to more than one rational interpretation," we uphold the ALJ's reasonable interpretation. *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Rawson contends that the ALJ erred by discounting Dr. Wingate's December 2011 opinion. However, the ALJ properly relied upon the inconsistency between Dr. Wingate's 2011opinion and Rawson's reported daily activities. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Because the ALJ reasonably construed Dr. Wingate's 2011 opinion together with the other medical evidence, we defer to the ALJ's interpretation. *See Ryan*, 528 F.3d at 1198.

Rawson contends that the ALJ erred in giving examining psychologist Dr. Bowes' opinion little weight. An ALJ may cite inconsistencies between a medical opinion and a claimant's activities as grounds for rejecting the medical opinion.

2

*Ghanim*, 763 F.3d at 1162.  The ALJ reasonably resolved the conflicts and ambiguities in Dr. Bowes' evidence and arrived at a reasonable interpretation.  *See Ryan*, 528 F.3d at 1198.

Rawson contends the ALJ erred by assigning little weight to the opinion of examining psychologist Dr. Irwin.  Rawson does not support her claims with specific references to the medical record, and fails to identify any substantive agency error.  *See Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017).

Rawson contends the ALJ erred by assigning mental health counselor Claudia David's opinion little weight.  The ALJ properly identified the classification of Ms. David's profession and provided germane reasons for discounting Ms. David's opinion.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

2.    Rawson's Testimony

The ALJ did not err by discounting Rawson's testimony.  The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Rawson's statements.  *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ pointed out conflicting statements in Rawson's testimony, evidence that Rawson's daily activities contradicted her claims of debilitating impairment, and contradictory medical evidence.  *See Molina*, 674

3

F.3d at 1112; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

> 3.    Lay Witness Testimony

The ALJ did not err in evaluating the lay witness testimony from Rawson's mother, Patricia Hanna, and Rawson's friend, Gary Willis. The ALJ cited germane reasons for discounting Ms. Hanna's testimony, including that Ms. Hanna's statements were inconsistent with clinical testing and Rawson's daily activities. The ALJ cited similar reasons for affording Mr. Willis' testimony less weight, including inconsistency between the medical evidence and Rawson's daily activities. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001)

> 4.    Residual Functional Capacity and Step Five Findings

Rawson contends the ALJ erred in the assessment of her residual functional capacity and Step Five findings. Because Rawson has not demonstrated the ALJ erred in the sequential analysis, this contention is unsupported. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**